

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FREDERIC HAGHEBAERT,                §
INDIVIDUALLY AND ON BEHALF OF       §
ALL OTHERS SIMILARLY SITUATED,      §
                                    §
            Plaintiff,              §
                                    §
VS.                                 §   NO. 4:19-CV-1000-A
                                    §
TANDY LEATHER FACTORY, INC.,        §
ET AL.,                             §
                                    §
            Defendants.             §

ORDER

Came on for consideration the joint motion for extension of time and for setting schedule for the filing of an amended complaint. Doc.[1] 24. Such motion asks the court to order plaintiff, Frederic Haghebaert, to file an amended complaint after his appointment as lead plaintiff. The motion also asks the court to allow defendants, Tandy Leather Factory Inc., Janet Carr, Tina L. Castillo, and Shannon L. Greene, to forego answering the complaint already filed by plaintiff, and instead answer only the amended complaint that plaintiff has indicated he intends to file if appointed lead plaintiff. The court finds the joint motion, Doc. 24, should be denied. Should plaintiff seek

---

[1] The "Doc. ___" reference is to the number of the item on the docket in this action.

to amend his complaint, he will be guided by the provisions of Rule 15 of the Federal Rules of Civil Procedure.[2]

The court notes that Rule 23(c)(1)(A) requires the court to, at "an early practicable time after a person sues . . . as a class representative," determine by order whether to certify the action as a class action. Fed. R. Civ. P. 23(c)(1)(A). However, this rule does not relieve plaintiff of the burden of proof regarding a purported class's qualifications for certification under Rule 23(a) and 23(b). "[W]e stress that it is the party seeking certification who bears the burden of establishing that the requirements of Rule 23 have been met." Madison v. Chalmette Refining, LLC, 637 F.3d 551, 554-55 (5th Cir. 2011). "Rule 23 does not set forth a mere pleading standard." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011). Plaintiff "must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." Id. (emphasis in original). Although plaintiff's complaint states in a conclusory way that the requirements of Rule 23(a) and

---

[2] Rule 15(a)(2) permits a party to amend his pleading with the opposing party's written consent or the court's leave. These options will still be available to plaintiff should he be appointed lead plaintiff.

2

23(b)(3)[3] are met, he uses conclusory logic and speculation to reach this conclusion.  See Doc. 1 ¶ 44-48.

Therefore,

The court ORDERS that the joint motion be, and is hereby, denied.

The court further ORDERS that by 4:00 p.m. on February 11, 2020, plaintiff file a document titled "Plaintiff's Class Certification Brief" that alleges facts establishing that the putative class satisfies the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that by 4:00 p.m. on February 25, 2020, defendants file a response to such document.

SIGNED January 28, 2020.

_____
JOHN McBRYDE
United States District Judge

---

[3] Plaintiff alleged that his action was brought as "a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3)." Doc. 1 ¶ 43.

3