CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED

**ORIGINAL**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

2020 FEB 11  PM 1:43

DEPUTY CLERK __MW__

CTJ

FREDERIC HAGHEBAERT, Individually
and on behalf of all others similarly
situated,

                Plaintiff,

    v.

TANDY LEATHER FACTORY, INC.,
JANET CARR, TINA L. CASTILLO, and
SHANNON L. GREEN,

                Defendants.

Civil Action No. 4:19-cv-01000-A

## PLAINTIFF'S CLASS CERTIFICATION BRIEF

514352.1

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS .................................................................................................2

ARGUMENT......................................................................................................................4

I.      The Applicable Standards Favor Class Certification In This Securities Action .................4

II.     The Requirements Of Rule 23(a) Are Satisfied...................................................................5

      A.     Numerosity Is Established ...........................................................................5

      B.     Commonality Is Established.........................................................................5

      C.     Typicality Is Established...............................................................................6

      D.     Adequacy Is Established...............................................................................7

III.    The Requirements Of Rule 23(b)(3), Predominance And Superiority, Are Satisfied.........9

      A.     Common Questions Of Law And Fact Predominate .................................9

            1.     The *Basic* Presumption Of Reliance Applies ...............................9

                  (a)     The NASDAQ Is Presumptively Efficient ....................................10

                  (b)     Defendants Should Not Be Able To Flout The Securities Laws By Providing Non-Judicially Noticeable Evidence............................11

            2.     Potential Individual Questions Of Damages Do Not Predominate ...........13

            3.     The Same Common Issues Predominate As To The Section 20(a) Claims ......................................................................................................14

      B.     A Class Action Is Superior To Other Available Methods For The Fair And Efficient Adjudication Of This Action ................................................14

IV.    Compliance With Local Civil Rule 23.2 .........................................................................16

V.     Plaintiff Should Be Granted The Opportunity To Amend To Cure Any Deficiencies .....17

CONCLUSION.................................................................................................................18

## TABLE OF AUTHORITIES

CASES

*Alaska Elec. Pension Fund v. Flowserve Corp.,*
  572 F.3d 221 (5th Cir. 2009).......................................................................................... 4

*Amchem Prods., Inc. v. Windsor,*
  521 U.S. 591 (1997).............................................................................................. 4, 8, 9

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds,*
  133 S. Ct. 1184 (2013)........................................................................................ 4, 9, 10

*Basic Inc. v. Levinson,*
  485 U.S. 224 (1988)....................................................................................................... 9

*Benchmark Elecs., Inc. v. J.M. Huber Corp.,*
  343 F.3d 719 (5th Cir. 2003)....................................................................................... 13

*Brown v. Kelly,*
  609 F.3d 467 (2d Cir. 2010).......................................................................................... 9

*Buettgen v. Harless,*
  2011 WL 1938130 (N.D. Tex. May 19, 2011) ...................................................... 8, 15

*Chevez v. HSBC Bank USA, Nat. Ass'n,*
  2013 WL 1335611 (N.D. Tex. Mar. 1, 2013) ............................................................ 13

*Collins v. Morgan Stanley Dean Witter,*
  224 F.3d 496 (5th Cir. 2000)....................................................................................... 12

*Erica P. John Fund, Inc. v. Halliburton Co.,*
  563 U.S. 804 (2011)................................................................................................... 4, 9

*Erica P. John Fund, Inc. v. Halliburton Co.,*
  718 F.3d 423 (5th Cir. 2013).......................................................................................... 9

*Forbush v. J.C. Penney Co.,*
  994 F.2d 1101 (5th Cir. 1993)....................................................................................... 5

*Gen. Tel. Co. of Sw. v. Falcon,*
  457 U.S. 147 (1982)....................................................................................................... 7

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,*
  313 F.3d 305 (5th Cir.2002)........................................................................................ 17

*Halliburton Co. v. Erica P. John Fund, Inc.*,
    134 S. Ct. 2398 (2014) ........................................................................................ 10

*Henry v. Cash Today, Inc.*,
    199 F.R.D. 566 (S.D. Tex. 2000) ....................................................................... 15

*Hodges v. Akeena Solar, Inc.*,
    274 F.R.D. 259 (N.D. Cal. 2011) ...................................................................... 10

*In re Accredo Health, Inc. Sec. Litig.*,
    2006 WL 1716910 (W.D. Tenn. Apr. 19, 2006) ................................................ 10

*In re Advanced Battery Technologies, Inc. Sec. Litig.*,
    298 F.R.D. 171 (S.D.N.Y. 2014) ...................................................................... 17

*In re Arthrocare Corp. Sec. Litig.*,
    2011 WL 13175766 (W.D. Tex. Aug. 30, 2011) ........................................... 6, 14

*In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*,
    789 F. Supp. 2d 935 (N.D. Ill. 2011) ............................................................... 17

*In re Barrick Gold Sec. Litig.*,
    314 F.R.D. 91 (S.D.N.Y. 2016) ........................................................................ 13

*In re Blech Sec. Litig.*,
    187 F.R.D. 97 (S.D.N.Y. 1999) ........................................................................ 15

*In re Deepwater Horizon*,
    785 F.3d 1003 (5th Cir. 2015) ............................................................................. 8

*In re Dell Inc.*,
    2010 WL 2371834 (W.D. Tex. June 11, 2010) ................................................... 7

*In re Dynegy, Inc., Sec. Litig.*,
    226 F.R.D. 263 (S.D. Tex. 2005) ..................................................................... 5, 7

*In re Elec. Data Sys. Corp. Sec. Litig.*,
    226 F.R.D. 559 (S.D. Tex. 2005) ....................................................................... 6

*In re Enron Corp. Sec. Deriv. & "ERISA" Litig.*,
    529 F. Supp. 2d 644 (S.D. Tex. 2006) ............................................................... 4

*In re First RepublicBank Sec. Litig.*,
    1989 WL 108795 (N.D. Tex. Aug. 1, 1989) ...................................................... 14

*In re HealthSouth Corp. Sec. Litig.*,
  257 F.R.D. 260 (N.D. Ala. 2009) ........................................................................................ 10

*In re Provectus Biopharmaceuticals, Inc. Sec. Litig.*,
  2016 WL 7670857 (E.D. Tenn. Apr. 7, 2016) ...................................................................... 17

*In re Initial Public Offering Sec. Litig.*,
  544 F. Supp. 2d 277 (S.D.N.Y. 2008) .................................................................................. 10

*James v. City of Dallas*,
  254 F.3d 551 (5th Cir. 2001) ............................................................................................. 5, 7

*Kaye v. Lone Star Fund v. (U.S.), L.P.*,
  453 B.R. 645 (N.D. Tex. 2011) ........................................................................................... 12

*KB Partners I, L.P. v. Barbier*,
  2013 WL 2443217 (W.D. Tex. June 4, 2013) ....................................................................... 7

*Keasler v. Natural Gas Pipeline Co.*,
  84 F.R.D. 364 (E.D. Tex. 1979) .......................................................................................... 14

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ......................................................................................... 11, 12

*Lightbourn v. Cnty. of El Paso*,
  118 F.3d 421 (5th Cir. 1997) ............................................................................................. 6, 7

*Longden v. Sunderman*,
  123 F.R.D. 547 (N.D. Tex. 1988) ........................................................................................ 15

*Lovelace v. Software Spectrum Inc.*,
  78 F.3d 1015 (5th Cir. 1996) ............................................................................................... 12

*Ludlow v. BP, P.L.C.*,
  800 F.3d 674 (5th Cir. 2015) ............................................................................................ 9, 13

*Lumen v. Anderson*,
  280 F.R.D. 451 (W.D. Mo. 2012) ........................................................................................ 10

*Mullen v. Treasure Chest Casino, LLC*,
  186 F.3d 620 (5th Cir. 1999) ............................................................................................. 5, 7

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) ............................................................................................................. 15

514352.1                                            iv

*Pierot v. Gilead Scis.*, Inc.,
    2019 WL 1123148 (W.D. La. Mar. 11, 2019) ............................................................ 5

*Ramirez v. J.C. Penney Corp., Inc.*,
    2017 WL 6462355 (E.D. Tex. Nov. 30, 2017) .......................................................... 7

*Rougier v. Applied Optoelectronics, Inc.*,
    2019 WL 6111303 (S.D. Tex. Nov. 13, 2019)......................................................... 14

*Simmang v. Tex. Bd. of Law Examiners*,
    346 F.Supp.2d 874 (W.D. Tex. 2004)...................................................................... 13

*Todd v. STAAR Surgical Co.*,
    2017 WL 821662 (C.D. Cal. Jan. 5, 2017) .............................................................. 10

*Torres v. S.G.E. Mgmt., L.L.C.*,
    838 F.3d 629 (5th Cir. 2016).................................................................................... 4

*Union Asset Mgmt. Holding A.G. v. Dell, Inc.*,
    669 F.3d 632 (5th Cir. 2012)..................................................................................... 7

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*,
    2016 WL 4138613 (E.D. Pa. Aug. 4, 2016).............................................................. 10

*Zeidman v. J. Ray McDermott & Co., Inc.*,
    651 F.2d 1030 (5th Cir. 1981).................................................................................... 5

## STATUTES

15 U.S.C. § 78u-4(b)(3)(B)................................................................................................. 17

## RULES

Fed. R. Civ. P. 23..................................................................................................*passim*

Plaintiff and proposed class representative Frederic Haghebaert ("Plaintiff")[1] respectfully submit this brief pursuant to this Court's January 28, 2020 Order (Dkt. #26) and Federal Rule of Civil Procedure 23, seeking: (i) certification of a class consisting of all persons and entities that purchased or otherwise acquired the common stock of Tandy Leather Factory, Inc. ("Tandy" or the "Company") between March 7, 2018 and August 15, 2019, inclusive, and were damaged thereby (the "Class")[2]; (ii) the appointment of Plaintiff as Class Representative; and (iii) the appointment of Glancy Prongay & Murray LLP ("GPM") as Class Counsel and Steckler Gresham Cochran PLLC ("SGC") as Liaison Counsel.

## PRELIMINARY STATEMENT

This action asserts claims on behalf of a putative class pursuant to §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, against defendants Tandy; Janet Carr ("Carr"), its Chief Executive Officer ("CEO") since October 2018; Tina L. Castillo ("Castillo"), Tandy's Chief Financial Officer ("CFO") during the Class Period;[3] and Shannon L. Greene ("Greene"), its CEO from June 2016 to October 2018 (collectively, "Defendants").

Class certification is appropriate here as the proposed Class satisfies all of the requirements of certification under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Tandy's common shares were widely traded on the NASDAQ Stock Market ("NASDAQ") during the Class Period, and the Class members are in the many thousands and are

---

[1] On November 7, 2019, Plaintiff filed the initial complaint in this action. Dkt. No. 1. Thereafter, on January 9, 2020, Plaintiff filed a motion and supporting memorandum seeking to be appointed lead plaintiff. Dkt. Nos. 19-20. Plaintiff's lead plaintiff motion is currently unopposed. *See* Dkt. No. 25.

[2] Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

[3] The Class Period is March 7, 2018 to August 15, 2019, both dates inclusive.

geographically dispersed, satisfying the numerosity requirement. Moreover, the nature of the proposed Class Representative's injuries, which resulted from Defendants' common course of conduct, are identical to that of the proposed Class members, satisfying the commonality, typicality, and adequacy requirements of Rule 23(a)(2)-(4).

This action also satisfies Rule 23(b)(3)'s requirements of predominance and superiority. Each of the elements of Plaintiff's Section 10(b) and Section 20(a) claims are susceptible to Class-wide proof based upon common facts. Specifically, the Class is entitled to a presumption of reliance based on the "fraud-on-the-market" doctrine because Tandy's stock traded on the NASDAQ, an efficient market. Thus, any potential individual questions of reliance do not predominate over common issues in this case, and the calculation of damages is susceptible to a Class-wide methodology. Finally, a class action is a superior means of litigating Class members' claims because it is easily manageable, provides redress to investors who would otherwise be unable to pursue individual claims, and least taxes judicial resources.

For these and the reasons discussed below, Plaintiff respectfully requests that the Court certify the Class.

## STATEMENT OF FACTS

Tandy is a specialty retailer that sells leather and leathercraft items such as quality tools, hardware, accessories, liquids, lace, kits, and teaching materials. Throughout the Class Period, Defendants omitted material information from their public disclosures. Specifically, Defendants failed to disclose to investors: (1) that certain costs of inventory had been improperly valued and expensed; (2) that, as a result, the Company's financial results for certain periods were misstated; (3) that the Company lacked effective internal control over financial reporting; (4) that there was a material weakness in the Company's internal control over financial reporting; and (5) that, as a

result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. ¶¶ 20-36.[4]

On August 13, 2019, the Company admitted that its Audit Committee was investigating "certain aspects of the Company's methods of valuation and expensing of costs of inventory and related issues regarding the Company's business and operations." ¶ 37. On this news, the Company's share price fell $0.55 per share, or more than 10%, over two consecutive trading sessions, to close at $4.90 per share on August 15, 2019, on unusually high trading volume. ¶ 38.

On August 15, 2019, the Company disclosed that it was unable to timely file the Company's quarterly report for the period ended June 30, 2019 due to the Audit Committee's investigation. ¶ 39. On this news, the Company's share price fell $0.40 per share, or more than 8%, to close at $4.50 per share on August 16, 2019, on unusually high trading volume. ¶ 40.

On October 18, 2019, the Company revealed that certain financial statements should no longer be relied upon due to "misstatements primarily relating to the Company's methods of valuation and expensing of costs of inventory and related issues." It also disclosed that its Chief Financial Officer and Treasurer, Tina Castillo, had resigned from her positions. ¶ 41.

On October 21, 2019, the Company finally disclosed the truth—which Defendants had omitted from disclosures during the Class Period—that Tandy used an improper inventory accounting methodology, warehousing and handling expenditures were not capitalized correctly in the first and third quarters, and warehousing and handling expenditures were improperly classified as operating expenses, resulting in overstatement of operating expenses. ¶ 42.

---

[4] All citations to "¶__" refer to the operative complaint in this action. Dkt. No. 1.

## ARGUMENT

### I.    The Applicable Standards Favor Class Certification In This Securities Action.

The Supreme Court has long recognized that securities fraud claims are particularly well-suited for class treatment. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (noting that predominance of common issues "is a test readily met in certain cases alleging . . . securities fraud"). And the Supreme Court continues to favor class certification in securities fraud cases. *See Erica P. John Fund, Inc. v. Halliburton Co.* ("*Halliburton I*"), 563 U.S. 804, 812-13 (2011) (vacating appellate court denial of class certification); *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 133 S. Ct. 1184, 1193-96 (2013) (affirming class certification).

To be certified, a proposed class must satisfy the four prerequisites of Rule 23(a)—numerosity, commonality, typicality, and adequacy—as well as one of the three provisions of Rule 23(b). *See Torres v. S.G.E. Mgmt., L.L.C.*, 838 F.3d 629, 635 (5th Cir. 2016) (en banc). Rule 23 is "a remedial rule which should be construed liberally to permit class actions, especially in the context of securities fraud suits, where the class action device can prove effective in deterring illegal activity." *In re Enron Corp. Sec. Deriv. & "ERISA" Litig.*, 529 F. Supp. 2d 644, 670 (S.D. Tex. 2006). Under Rule 23(b)(3), a plaintiff must establish "that 'the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Amgen*, 133 S. Ct. at 1191. "[T]he question is not whether the plaintiff or plaintiffs . . . will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 229 (5th Cir. 2009); *see also Amgen*, 133 S. Ct. at 1194-95 (2013).

## II.     The Requirements Of Rule 23(a) Are Satisfied.

### A.     Numerosity Is Established.

Rule 23(a)(1) is satisfied when a class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A "plaintiff need not show the precise number of persons in the class to satisfy the requirement that joinder is impracticable where such a conclusion is clear from reasonable estimates." *In re Dynegy, Inc., Sec. Litig.*, 226 F.R.D. 263, 268 (S.D. Tex. 2005). Accordingly, a reasonable estimate of the number of purported class members can establish numerosity. *See James v. City of Dallas*, 254 F.3d 551, 570 (5th Cir. 2001).

It is generally presumed that Rule 23(a)(1) has been met in suits involving nationally traded securities. *See Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1039 (5th Cir. 1981). Here, the proposed Class consists of persons that purchased Tandy stock during the Class Period. While the exact number of Class members is presently unknown, according to the Company, Tandy had 8,934,024 shares of common stock outstanding as of May 7, 2019[5] that were regularly traded on the NASDAQ during the Class Period. As such, numerosity is established.

### B.     Commonality Is Established.

Rule 23(a)(2) is satisfied when "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This "commonality" threshold is not high. *See Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999); *Forbush v. J.C. Penney Co.*, 994 F.2d 1101,

---

[5] *See* Tandy's May 10, 2019 Quarterly Report, at 1 (*available at* https://www.sec.gov/Archives/edgar/data/909724/000090972419000008/form10-q.htm). Plaintiff's citation to this document is proper because this document was specifically referred to in the complaint (*see* ¶34) and its authenticity is not in dispute. *Pierot v. Gilead Scis.*, Inc., No. 18-cv-0975, 2019 WL 1123148, at *2 (W.D. La. Mar. 11, 2019) ("[A] court is also permitted to rely on 'documents incorporated into the complaint by reference [ ] and matters of which a court may take judicial notice.'").

1106 (5th Cir. 1993). Commonality is satisfied "when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members." *Lightbourn v. Cnty. of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997). In securities fraud cases, commonality is satisfied when claims are based upon "[d]efendants['] . . . uniform misrepresentations to the investing public in [company] filings with the SEC and in press releases; [and] these material misrepresentations and omissions artificially inflated the market price of [company] securities, injuring each class member who purchased the artificially priced [company] securities." *In re Elec. Data Sys. Corp. Sec. Litig.*, 226 F.R.D. 559, 564 (S.D. Tex. 2005). Here, as discussed above, Defendants made uniform omissions to the Class. Additionally, common questions include:

- whether Defendants' omissions violated the Exchange Act;

- whether and to what extent the market price of Tandy's stock was artificially inflated during the Class Period due to Defendants' omissions;

- whether Defendants acted with scienter; and

- whether the members of the Class have sustained damages as a result of the alleged misconduct, and, if so, the proper measure thereof.

Accordingly, commonality has been established. *In re Arthrocare Corp. Sec. Litig.*, 2011 WL 13175766, at *7 (W.D. Tex. Aug. 30, 2011).

## C.    Typicality Is Established.

Rule 23(a)(3) is satisfied when the claims of the representative parties are "typical" of those of the class. Fed. R. Civ. P. 23(a)(3). "The test for typicality, like the test for commonality,

is not demanding." *Lightbourn*, 118 F.3d at 426.[6] The typicality analysis "focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." *In re Dell Inc.*, 2010 WL 2371834, at *4 (W.D. Tex. June 11, 2010) (quoting *Mullen*, 186 F.3d at 625) *aff'd, appeal dism'd sub nom. Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632 (5th Cir. 2012). "Typicality is satisfied when the named plaintiffs' claims for relief arise from the same common nucleus of operative facts as the claims of absent class members." *Id.*[7] "If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.'" *James*, 254 F.3d at 571.

Here, Plaintiff's claims and legal theories are typical of the Class. As with the other members of the Class, Plaintiff's claims are based on the alleged inflation of the price of Tandy stock based on Defendants' omissions. Therefore, the typicality requirement is satisfied. *Dynegy*, 226 F.R.D. at 287-88 (typicality satisfied based on defendants' "conduct that would have injured all members of the putative class").

### D.   Adequacy Is Established.

Rule 23(a) requires that "the class representatives . . . fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The relevant factors are the 'zeal and competence' of counsel and the willingness and ability of the plaintiff to take an active role in controlling the litigation." *KB Partners I, L.P. v. Barbier*, 2013 WL 2443217, at *11 (W.D. Tex. June 4, 2013) (citing cases). Both factors are met here.

The central purpose of the inquiry regarding the adequacy of a proposed class representative is whether they are "part of the class and possess the same interest and suffer the

---

[6] The Supreme Court has recognized that the "commonality and typicality requirements of Rule 23(a) tend to merge." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982).
[7] *See also Ramirez v. J.C. Penney Corp., Inc.*, 2017 WL 6462355, at *2 (E.D. Tex. Nov. 30, 2017), *report and recommendation adopted*, 2017 WL 6453012 (E.D. Tex. Dec. 18, 2017).

same injury as the class members" and whether they have any interests that are antagonistic to the rest of the class. *In re Deepwater Horizon*, 785 F.3d 1003, 1015 (5th Cir. 2015) (quoting *Amchem Prods. v. Windsor*, 521 U.S. 591, 625 (1997). Here, the interests of Plaintiff are entirely aligned with those of the class. His claims are predicated on the same wrongful conduct that gives rise to the claims of the Class, *i.e.* his purchase of Tandy stock in reliance on the same omissions relied on by absent Class members. Moreover, Plaintiff has no interests that are in conflict with the rest of the Class. Just as the members of the Class he seeks to represent, Plaintiff has a strong interest in proving that the alleged statements were materially misleading, made with scienter, and caused damages to investors of Tandy.

Plaintiff has also demonstrated a commitment to vigorously prosecute this action on behalf of absent Class members. He filed the initial complaint in this action and was the only movant for lead plaintiff. Thus, absent his willingness to litigate this action, the Class would have been ensured no recourse for Defendants' conduct.

Proposed Class Counsel have extensive experience in the field of securities litigation, and their vigorous pursuit of the Class's interests has already been demonstrated in its advancement of the Class's claims before this Court. *See* Dkt. No. 20, Ex. D. For these reasons, and because proposed Class Counsel is committed to vigorously prosecuting this action going forward, GPM also satisfies the considerations of Rule 23(g) and should be appointed Class Counsel. *Buettgen v. Harless*, 2011 WL 1938130, at *10 (N.D. Tex. May 19, 2011) (appointing firm as class counsel where it "has substantial experience in class actions in general and securities class actions in particular. The firm has demonstrated its knowledge of securities law and its willingness to expend resources to properly pursue this action.").

### III.   The Requirements Of Rule 23(b)(3), Predominance And Superiority, Are Satisfied

#### A.   Common Questions Of Law And Fact Predominate.

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. "[T]he predominance requirement is met if the plaintiff can establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof." *Brown v. Kelly*, 609 F.3d 467, 483 (2d Cir. 2010); *Erica P. John Fund, Inc. v. Halliburton Co.*, 718 F.3d 423, 431 (5th Cir. 2013) (the predominance inquiry asks "not whether the plaintiffs will fail or succeed, but whether they will fail or succeed together.") *vacated on other grounds*, 134 S. Ct. 2398 (2014).

"Predominance is a test readily met in certain cases alleging securities fraud." *Amchem*, 521 U.S. at 625. In cases under §10(b) of the Exchange Act and SEC Rule 10b-5, the elements of falsity, materiality, scienter, and loss causation are subject to class-wide proof.[8] Therefore, "[w]hether common questions of law or fact predominate in a securities fraud action often turns on the element of reliance." *See Halliburton I*, 563 U.S. at 810. In this case, reliance may be presumed on a class-wide basis pursuant to the fraud-on-the-market presumption under *Basic Inc. v. Levinson*, 485 U.S. 224 (1988).

#### 1.   The *Basic* Presumption Of Reliance Applies.

Pursuant to the *Basic* fraud-on-the-market doctrine, a proposed class representative may:

> satisfy the reliance element of the Rule 10b–5 cause of action by invoking a presumption that a public, material misrepresentation will distort the price of stock traded in an efficient market, and that anyone who purchases the stock at the

---

[8] *See, e.g., Amgen*, 133 S. Ct. at 1190 (materiality "is question common to all members of the class"); *Basic Inc. v. Levinson*, 485 U.S. 224, 241 (1988) (reliance); *Halliburton I*, 563 U.S. at 812 (loss causation); *Ludlow v. BP, P.L.C.*, 800 F.3d 674, 687 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1824 (2016) (damages).

market price may be considered to have done so in reliance on the misrepresentation.

*Halliburton Co. v. Erica P. John Fund, Inc. ("Halliburton II")*, 134 S. Ct. 2398, 2417 (2014). To invoke this presumption, a plaintiff must show: "(1) that the alleged misrepresentations were publicly known, (2) that they were material, (3) that the stock traded in an efficient market, and (4) that the plaintiff traded the stock between the time the misrepresentations were made and when the truth was revealed." *Id.* at 2408. Of those four prerequisites, the only one that is potentially in dispute for purposes of this motion is market efficiency.[9] Here, however, Tandy stock traded on the NASDAQ, which is an efficient market.

### (a)   The NASDAQ Is Presumptively Efficient.

Courts have concluded that if a stock is listed on NASDAQ, one of the largest stock exchanges in the world, then it is presumed that the stock trades in an efficient market. *E.g.*, *Lumen v. Anderson*, 280 F.R.D. 451, 459 (W.D. Mo. 2012) ("It would be remarkable for a court to conclude NASDAQ is not an efficient market—which is why securities traded on NASDAQ are often presumed to be traded on an efficient market."); *see also Hodges v. Akeena Solar, Inc.*, 274 F.R.D. 259, 269 (N.D. Cal. 2011); *Todd v. STAAR Surgical Co.*, 2017 WL 821662, at *10 (C.D. Cal. Jan. 5, 2017) (stating that "there [is] a presumption that stocks traded on the NASDAQ are efficient"); *In re HealthSouth Corp. Sec. Litig.*, 257 F.R.D. 260, 281 (N.D. Ala.

---

[9] First, Defendants' statements that omitted material information were clearly publicly known because they were made in SEC filings, press releases, earnings calls, and documents published on the Company's website. Second, while Plaintiff must ultimately prove materiality at trial, such "proof is not a prerequisite to class certification." *Amgen*, 133 S. Ct. at 1190. Third, Plaintiff purchased Tandy stock during the Class Period, prior to the corrective disclosures. *See* Dkt. No. 1 at 24.

2009).[10] Since Defendants are unable to rebut this presumption, the Court should reach the unremarkable conclusion that the NASDAQ is an efficient market.

### (b)    Defendants Should Not Be Able To Flout The Securities Laws By Providing Non-Judicially Noticeable Evidence.

This action was brought under the Securities Exchange Act of 1934. As such, the Private Securities Litigation Reform Act ("PSLRA") and its mandatory discovery stay applies to this action. 15 U.S.C. § 78u–4(b)(3)(B) ("[A]ll discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."). Since the Court has not ruled on a motion to dismiss—because Defendants have not filed one—the discovery stay is in effect. As such, Defendants should not be permitted to provide evidence in their opposition brief, such as expert reports, that are outside of and not central to the complaint, since the discovery stay may render Plaintiff unable to adequately respond to such evidence and reports.

Defendants around the country have been actively attempting to flout the PSLRA stay by improperly attaching documents that are not judicially noticeable or central to the lawsuit in motions filed during the pendency of the discovery stay.[11] As the Ninth Circuit recently noted, there is a "concerning pattern in securities cases" in which defendants are "exploiting these

---

[10] At the very least, NASDAQ listing strongly supports finding market efficiency. *See W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, 2016 WL 4138613, at *12 (E.D. Pa. Aug. 4, 2016) (collecting cases); *In re Initial Public Offering Sec. Litig.*, 544 F. Supp. 2d 277, 296 n.133 (S.D.N.Y. 2008) ("the federal courts are unanimous in their agreement that a listing on the NASDAQ or a similar national market is a good indicator of efficiency"); *In re Accredo Health, Inc. Sec. Litig.*, 2006 WL 1716910, at *8 (W.D. Tenn. Apr. 19, 2006) ("the overwhelming case authority holds that securities listed on the NASDAQ trade in an efficient market").

[11] While most instances of such conduct occur in Rule 12(b)(6) motions to dismiss, the discovery stay and judicial holdings regarding the appropriate use of documents outside the complaint during the pendency of the stay apply with equal force to the instant action and class certification determination.

procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615, 204 L. Ed. 2d 264 (2019). The Ninth Circuit cautioned:

> If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for relief.

*Id.* at 998-99.

In the Fifth Circuit, Defendants may attach to a motion filed during the pendency of a discovery stay judicially noticeable documents[12] or documents that are incorporated by reference. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) ("'Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'"). However, "[s]uch documents should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents." *Lovelace*, 78 F.3d at 1018.

"Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund v. (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.* Here,

---

[12] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) ("[C]ourts may also consider matters of which they may take judicial notice.").

Plaintiff has brought causes of action under the Exchange Act, not Rule 23 of the Federal Rules of Civil Procedure. As such, the elements of the instant motion are not central to Plaintiff's claim and if Defendants attempt to attach any non-judicially noticeable evidence, such as expert reports, in support of their opposition, the Court should strike and not consider them.

If, however, the Court wishes to consider such evidence, the PSLRA discovery stay must be lifted. *See Chevez v. HSBC Bank USA, Nat. Ass'n*, No. 12-cv-3686-L, 2013 WL 1335611, at *3 (N.D. Tex. Mar. 1, 2013), *report and recommendation adopted*, No. 12-cv-3686-L, 2013 WL 1338219 (N.D. Tex. Apr. 3, 2013) ("[i]f . . . matters outside the pleadings are presented to and not excluded by the court . . . "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). As such, if Defendants choose to improperly attach evidence to their opposition, the Court should hold the motion in abeyance, lift the PSLRA's discovery stay and provide Plaintiff the opportunity to conduct adequate discovery. *See e.g., Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003) ("[T]he district court erred by treating Huber's motion for judgment on the pleadings as a motion for summary judgment without providing Benchmark an opportunity to conduct discovery."); *Simmang v. Tex. Bd. of Law Examiners,* 346 F.Supp.2d 874, 890 (W.D. Tex. 2004) ("if little or no discovery has been conducted on the issue for which the extraneous material was submitted, the Court may decline to consider the attached materials").

### 2.   Potential Individual Questions Of Damages Do Not Predominate.

Courts routinely find that damages in securities cases present common questions because they can be calculated by measuring the price impact of company-specific information alleged to be a corrective disclosure on a class-wide basis. *Ludlow*, 800 F.3d at 683-85 (approving damages model in a securities class action); *see also In re Barrick Gold Sec. Litig.*, 314 F.R.D. 91, 106 (S.D.N.Y. 2016) (finding that damages issues did not defeat predominance because calculation

of damages called for the application of a damages model across the entire class). Here, there is no reason why damages cannot be readily calculated on a class-wide basis in this action under the theory of liability[13] using the same kind of generally accepted methodologies accepted by other courts. *See Arthrocare*, 2011 WL 13175766, at \*8 ("Although class members will have to separately establish how much ArthroCare stock they owned, when they owned it, and the damages they suffered, the common questions identified above can be fairly said to predominate over the individual questions."); *In re First RepublicBank Sec. Litig.*, 1989 WL 108795, at \*17 (N.D. Tex. Aug. 1, 1989) ("Differences among class members' damages is inherent in securities litigation, but do not render individual questions predominate nor defeat class action treatment.").

### 3. The Same Common Issues Predominate As To The Section 20(a) Claims.

Plaintiff's showing above that the Section 10(b) claim meets the reliance presumption likewise shows that Plaintiff's claim under Section 20(a) is also satisfied. *Rougier v. Applied Optoelectronics, Inc.*, 2019 WL 6111303, at \*8 (S.D. Tex. Nov. 13, 2019), *report and recommendation adopted*, 2019 WL 7020349 (S.D. Tex. Dec. 20, 2019) (finding that the same predominance analysis applies to Section 20(a) claims as for Rule 10b-5 violations).

### B. A Class Action Is Superior To Other Available Methods For The Fair And Efficient Adjudication Of This Action.

A class action is the superior method for resolving the claims at issue because it will provide the most fair and efficient method of adjudication. Courts in this Circuit recognize the efficiency of the class action device for redressing injury to large groups of individuals harmed

---

[13] Plaintiff's theory of liability is that Defendants' materially false and misleading omissions artificially inflated the price of Tandy's stock, that Class members then relied on the inflated market price in purchasing that stock, and Class members were then damaged when the truth was disclosed as the artificial stock price inflation dissipated.

by a common set of operative facts. *See, e.g., Keasler v. Natural Gas Pipeline Co.*, 84 F.R.D. 364, 368 (E.D. Tex. 1979) ("It is desirable that securities fraud cases involving a large number of plaintiffs with small individual claims proceed as class actions."); *Longden v. Sunderman*, 123 F.R.D. 547, 551 (N.D. Tex. 1988).[14]

> In considering superiority under Rule 23(b)(3), courts analyze four factors:
>
> A) the class members' interests in individually controlling the prosecution . . . of separate actions; B) the extent and nature of any litigation concerning the controversy already begun by . . . class members; C) the desirability . . . of concentrating the litigation of the claims in the particular forum; and D) the likely difficulties to be encountered in managing a class action.

Fed. R. Civ. P. 23(b)(3). These factors all weigh in favor of class certification in this case.

There is no indication that members of the proposed Class would prefer to prosecute their claims individually, and Plaintiff's Counsel are unaware of any other case involving the same claims. The fraud here, like "[m]ost violations of the federal securities laws[,] . . . inflict[ed] economic injury on large numbers of geographically dispersed persons such that the cost of pursuing individual litigation to seek recovery is often not feasible." *In re Blech Sec. Litig.*, 187 F.R.D. 97, 107 (S.D.N.Y. 1999); *Buettgen*, 2011 WL 1938130 at *9. Finally, securities class actions like this one generally raise no unusual manageability issues. *See, e.g., Id.* ("The same types and methods of proof would be used in a case with a single plaintiff or one with hundreds of plaintiffs."). Thus, a class action is the superior method for the efficient adjudication of the Class's claims.

---

[14] Superiority is also typically found in cases in which each individual class member's interest in the litigation is less than the anticipated cost of litigating individually. *Henry v. Cash Today, Inc.*, 199 F.R.D. 566, 573 (S.D. Tex. 2000).The Supreme Court has recognized that "[c]lass actions . . . permit the plaintiffs to pool claims which would be uneconomical to litigate individually. . . . [M]ost of the plaintiffs would have no realistic day in court if a class action were not available." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985).

## IV.    Compliance With Local Civil Rule 23.2

This motion complies with Local Civil Rule ("L.R.") 23.2. The above-captioned action is brought under sections Fed. R. Civ. P. 23(a) and 23(b)(3).

Specific factual allegations concerning the alleged class are fully set forth above. *See* L.R. 23.2(b). Namely, the class is defined as persons and entities that purchased or otherwise acquired the common stock of Tandy Leather Factory, Inc. between March 7, 2018 and August 15, 2019, inclusive, and were damaged thereby. L.R. 23.2(b)(2). The exact number of class members is presently unknown, but numerosity is presumed in securities fraud class actions involving nationally traded securities. L.R. 23.2(b)(1); *see* Section II.A, *supra*. While Plaintiff is currently unaware of the location and number of other Tandy shareholders, it is likely that they are geographically dispersed. L.R. 23.2(b)(3). However, absent class members all have the common financial incentive to receive funds from Defendants for their conduct. Moreover, common questions of law and fact include whether Defendants' omissions violated the Exchange Act; whether and to what extent the market price of Tandy's stock was artificially inflated during the Class Period due to Defendants' omissions; whether Defendants acted with scienter; and whether the members of the Class have sustained damages as a result of the alleged misconduct, and, if so, the proper measure thereof. L.R. 23.2(b)(4); *see* Section II.B, *supra*. Moreover, the requirements of 23(b)(3) have been satisfied. L.R. 23.2(b)(5); *see* Section III, *supra*.

Plaintiff Frederic Haghebaert is an adequate representative of the class because, among other things, his claims are predicated on the same wrongful conduct that give rise to the claims of the Class and he has no interests that conflict with the rest of the Class. *See generally* Section II.D, *supra*. He has no financial responsibility to fund the action, as Plaintiff's counsel have been retained on a contingency basis. L.R. 23.2(c). If there is any recovery on behalf of the Class,

Plaintiff's counsel will seek Court approval for a percentage of the fund to recover their fees and expenses. L.R. 23.2(g).

Plaintiff plans on using a combination of publication and post card notice to provide notice to class members,[15] and Plaintiff's counsel is in the process of acquiring bids to ascertain the estimated expense. L.R. 23.2(e).

Finally, this action is subject to the Exchange Act, as amended by the PSLRA, thus the action arises under a federal question and no amount is required to establish jurisdiction. L.R. 23.2(d). Additionally, the Exchange Act states that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B). Since the Court has not decided any motion to dismiss—Defendants have not even filed one yet—the discovery stay is in effect. Therefore, no discovery is permitted in connection with a class certification hearing. L.R. 23.2(f).

V.    **Plaintiff Should Be Granted The Opportunity To Amend To Cure Any Deficiencies.**

Plaintiff respectfully submits that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) have been met for the reasons set forth above. Plaintiff has not yet amended the complaint and has not conducted any discovery due to the PSLRA discovery stay. *See* 15 U.S.C. § 78u-4(b)(3)(B). As the Court has previously noted, Rule 15 of the Federal Rules of Civil Procedure allows Plaintiff to amend the complaint. *See* Dkt. No. 26. Thus, if the Court finds that the

---

[15] In securities class actions, it is "more than sufficient" to use "a combination of a mailed post card directing class members to a more detailed online notice." *In re Advanced Battery Technologies, Inc. Sec. Litig.*, 298 F.R.D. 171, 182 n.3 (S.D.N.Y. 2014) (citing *In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 973 (N.D. Ill. 2011)). *See also, e.g., In re Provectus Biopharmaceuticals, Inc. Sec. Litig.*, 2016 WL 7670857, at *2 (E.D. Tenn. Apr. 7, 2016) (approving an "Internet Long Form Notice," a "Proof of Claim," a "Summary Notice," and a "Postcard Notice" as "the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto").

514352.1                                          17

Complaint is deficient for any reason, Plaintiff requests leave to amend the complaint or the opportunity to cure any deficiencies. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.2002) (court should allow plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion.

Dated:  February 10, 2020

**STECKLER GRESHAM COCHRAN PLLC**

By: _____
R. Dean Gresham
Texas State Bar No. 24027215
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Telephone:  (972) 387-4040
Facsimile:  (972) 387-4041
Email:  dean@sgc.law

**GLANCY PRONGAY & MURRAY LLP**
Charles H. Linehan (admitted *pro hac vice*)
Pavithra Rajesh (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
Email:  clinehan@glancylaw.com
        prajesh@glancylaw.com

*Counsel for Plaintiff Frederic Haghebaert*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

_____
R. Dean Gresham