IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FREDERIC HAGHEBAERT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiff, | § § | |
| VS. | § | NO. 4:19-CV-1000-A |
| TANDY LEATHER FACTORY, INC., ET AL., | § § § § | |
| Defendants. | § § | |



ORDER

Came on for consideration the motion by plaintiff, Frederic Haghebaert ("Haghebaert"), for appointment as lead plaintiff and approval of counsel in this action against defendants, Tandy Leather Factory, Inc., Janet Carr, Tina L. Castillo, and Shannon L. Greene. After considering the motion and memorandum of law in support, the response by defendants, the record, and relevant legal authorities, the court finds that such motion should be denied.

I.

Approval of Counsel

Haghebaert's motion for the approval of his choice of class counsel should be denied. Haghebaert names law firms as his proposed lead counsel and liaison counsel, Doc.[1] 37 at 7-8, in

---

1 The "Doc. __" reference is to the number of the item on the docket in this action.

violation of the form status report order incorporated by reference into the standing order, Doc. 14 ¶ 1. The court notes that the individual attorneys who have represented Haghebaert thus far in this action are employed by the two firms. However, the court will not presume that Haghebaert intended to name all such attorneys, and none of the other attorneys listed in the firm resumes, as class counsel. See Doc. 20, Ex. D-E. Because law firms are not authorized to practice before this court, plaintiff's motion for approval of counsel should be denied.

II.

Lead Plaintiff Appointment

Haghebaert fails to show that he should be appointed lead plaintiff, and such motion should be denied. Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), a rebuttable presumption exists that the most adequate lead plaintiff is the class member who: "(aa) has either filed the complaint or made a motion in response to a notice" sent to potential class members; "(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Such a presumption may only be rebutted "upon proof by a member of the purported plaintiff class that the presumptively most

2

adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, Haghebaert filed the complaint and moved to be appointed lead plaintiff, and as the sole movant for appointment as lead plaintiff, he is presumed to have the largest financial interest of the class.[2] However, he has not shown that the requirements of Rule 23 have been satisfied. Consequently, he should not be appointed lead plaintiff. See 15 U.S.C. § 87u-4(a)(3)(B)(iii)(I)(cc).

Although the Rule 23 inquiry during the lead plaintiff appointment stage is not as rigorous as the one during class certification, the movant must still make a <u>prima facie</u> showing the he satisfies the Rule's typicality and adequacy requirements.[3] <u>Hohenstein v. Behringer Harvard REIT I, Inc.</u>, No. 3:12-CV-3772-G, 2012 WL 6625382, at *2 (N.D. Tex. Dec. 20,

---

[2] Haghebaert's financial interest is not particularly large; he purchased 100 shares of Tandy stock for $5.80 each, for a total of $580.00. Doc. 35. However, he argues that, as the sole movant for appointment as lead plaintiff, he by default has the greatest financial stake in the case. Doc. 37 at 5. Courts only consider the financial interests of the movants when conducting this inquiry, instead of considering the potential interests of non-movants. <u>See, e.g.,</u> Hohenstein v. Behringer Harvard REIT I, Inc., No. 3:12-CV-3772-G, 2012 WL 6625382, at *3 (N.D. Tex. Dec. 20, 2012); Rice v. Genworth Fin. Inc., No. 3:17cv59, 2017 WL 3699859, at *7 (E.D. Va. Aug. 25, 2017); <u>Local No. 8 IBEW Ret. Plan v. Vertex Pharm. Inc.</u>, 52 F. Supp. 3d 337, 341 (D. Mass. Oct. 8, 2014); <u>In re Copper Mountain Sec. Litig.</u>, 305 F. Supp. 2d 1124, 1130 (N.D. Cal. 2004). The court will do likewise in this action.

[3] Defendants argue that a more demanding standard is appropriate, but the case law they cite relates to class certification and not to the appointment of a lead plaintiff. <u>See</u> Doc. 42 at 5-6 (citing <u>In re Kosmos Energy Ltd. Sec. Litig.</u>, 299 F.R.D. 133, 145 (N.D. Tex. 2014); Berger v. Compaq Comput. Corp., 257 F.3d 475, 481 (5th Cir. 2001); Ogden v. AmeriCredit Corp., 225 F.R.D. 529, 532-33 (N.D. Tex. 2005)).

3

2012); Gluck v. CellStar Corp., 976 F. Supp. 542, 546 (N.D. Tex. Aug. 19, 1997); In re Cavanaugh, 306 F.3d 726, 730-31 (9th Cir. 2002); In re Cendant Corp. Litig., 264 F.3d 201, 263 (3d Cir. 2001); see also In re Kosmos Energy Ltd. Sec. Litig., 299 F.R.D. 133, 146-47 (N.D. Tex. March 19, 2014). Rule 23's adequacy requirement mandates that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

The adequacy requirement has two prongs: "[1] the zeal and competence of the representative['s] counsel and . . . [2] the willingness and ability of the representative[] to take an active role in and control the litigation and to protect the interests of absentees." Berger v. Compaq Comput. Corp., 257 F.3d 475, 479 (5th Cir. 2001) (in the context of class certification); Strong v. AthroCare Corp., No. A-08-CA-574-SS, 2008 WL 11334942, at *8 (W.D. Tex. Dec. 10, 2008) (using the elements set forth in Berger in the lead plaintiff appointment inquiry). Haghebaert failed to make a prima facie showing as to these elements.

As discussed above, Haghebaert attempts to impermissibly designate two law firms as class counsel. Because he has not properly proposed class counsel, he cannot make a prima facie

4

showing that such counsel have the zeal and competence required to satisfy Rule 23.[4]

Haghebaert also fails to make a prima facie showing that he has "the willingness and ability . . . to take an active role in and control the litigation and to protect the interests of absentees." Berger, 257 F.3d at 482. Securities class actions must "be managed by active, able class representatives who are informed and can demonstrate they are directing the litigation." Id. at 483. Although plaintiffs "need not be legal scholars and are entitled to rely on counsel," "the adequacy standard must reflect . . . Congress's emphatic command that competent plaintiffs, rather than lawyers, direct such cases." Id. at 482, 484.

Haghebaert has not made even a preliminary showing as to this prong of the adequacy requirement. He does not so much as state in boilerplate form that he is directing the litigation or is particularly informed regarding the action. See generally Doc. 37; compare to Strong, 2008 WL 11334942, at *8 (finding the plaintiff made a prima facie showing of direction and knowledge through an affidavit). The closest he comes is stating that he

---

[4] Haghebaert attempts to demonstrate the zeal and competence of such "counsel" by providing two firm resumes, which cumulatively list over forty individual attorneys. Doc. 20, Ex. D-E. It is unclear whether he intends to name all these individuals as class counsel, and, if not, which attorneys' descriptions the court should consider in making its determination regarding zeal and competence.

5

"reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class." Doc. 37 at 5. Instead, Haghebaert argues that upon showing that his choice of counsel is qualified, he may satisfy the adequacy requirement by showing (I) that there is no conflict between himself and the rest of the class and (II) that he holds "a sufficient interest in the outcome to insure vigorous advocacy." Id. at 7 (citing Int'l Union of Operating Eng'rs Local No. 478 Pension Fund v. FXCM Inc., No. 15-CV-3599(KMW), 2015 WL 7018024, at *5 (S.D.N.Y. Nov. 12, 2015)). Although some courts use such an analysis, to do so here would be to ignore the Fifth Circuit's decision in Berger.

Even if the court were to use his proposed analysis, Haghebaert would still not be appointed lead plaintiff. Although his $580.00 interest is, by default, the most significant of any movant, it is not large to ensure that he will personally engage in vigorous advocacy instead of leaving the direction of the action entirely in the hands of counsel. This is particularly true given that Haghebaert resides in Belgium. Doc. 2. The court finds it implausible that his $580.00 interest will motivate him to travel from Europe to the Northern District of Texas to attend hearings or settlement conferences in this action. See In re Baan Co. Sec. Litig., 271

6

F. Supp. 2d 3, 13 (D.D.C. 2002) (taking the logistical difficulties accompanying the geographic distance between a foreign movant and the court as a factor in the lead plaintiff inquiry); In re Network Assocs., Inc. Sec. Litig., 76 F. Supp. 2d 1017, 1030 (N.D. Cal. 1999) (same).

Because Haghebaert failed to make prima facie showings regarding competent, zealous counsel and his own ability to take an active role in directing the action, his motion for appointment as lead plaintiff should be denied.

### III.

### Order

Therefore,

The court ORDERS that the motion for appointment as lead plaintiff and approval of counsel be, and is hereby, denied.

SIGNED April 8, 2020.

_____
JOHN McBRYDE
United States District Judge

7